446 P.2d 311

**FEDERAL BUILDING AND LOAN AS-SOCIATION, a corporation of Utah, Plaintiff and Appellant,**

**v.**

**Bert E. TIDWELL and Barbara Beth Tidwell, his wife, Frank Lewis, Claron Bailey, dba Claron Bailey Dry Wall, Utah Sand And Gravel Company, a Utah corporation, and R. Blaine Hicks, dba Hicks Electric Company, Defendants and Respondents.**

**No. 11168.**

Supreme Court of Utah.

Oct. 25, 1968.

Lewis S. Livingston, F. Burton Howard, Salt Lake City, for appellant.

Homer F. Wilkinson, Salt Lake City, for respondents.

HENRIOD, Justice:

Appeal from a summary judgment in a case where plaintiff, mortgagee, sued to foreclose, joining Bailey as a defendant, to wash him out as a materialman who claimed a priority as such over a recorded mortgage.

The trial court said Bailey had a priority. We disagree and reverse. Costs to Federal.

On July 5, 1966, the mortgagors Tidwell, defendants, were parties to a conventional loan to them, agreed to by Federal. The mortgage was recorded the next day. The mortgage agreement provided that the mortgagors would complete the building within eights months, which they didn't do. Federal, the mortgagee, stopped everything after that period, but encouraged Tidwell to complete the project according to the pro forma terms of the loan agreement, requiring lien waivers thereafter before any more moneys would be advanced.

Tidwell, unbeknownst to Federal, employed defendant Bailey to help finish the job. The record reflects that Federal never met Bailey, didn't know who he was, and frankly didn't care,—as it had a perfect right to conclude.

Tidwell employed Bailey ostensibly because of Federal's pressure, and told Bailey he would be paid because Federal said so. Bailey fell for this hearsay and did his work because of such representation of Tidwell, who wisely or unwisely was paddling down the River of No Return.

The defendant Bailey says this sort of tommyrot binds Federal to Tidwell's unauthorized and ill-advised representations, and that Federal thus is bound thereby, via some sort of an estoppel. There also was some sort of conversation *after* all this happened, between Bailey and an officer of Federal, which conceivably and doubtfully could have suggested some kind of an elusive waiver of rights,—but certainly not an estoppel. Federal never made a representation to Bailey that he would be paid, intending that Bailey would act on such representation and that the latter acted on such representation to his detriment.

Bailey's only contention is that Federal, telling Tidwell to get on with the work he was duty-bound to do anyway, under the contract, was an agential approbation for Tidwell to bind Federal for any consequential work Tidwell might contract with strangers, without producing lien waivers. Bailey's asserted lien claim was recorded long after the impasse between mortgagee and mortgagor.

Bailey's only claim for relief here is based on an estoppel. Every element of that theory is lacking here, and to say that Tidwell's representations were those of Federal's is anathema to any principle with which we are acquainted anent respect for an estoppel, theory, agency, justice or otherwise.

CROCKETT, C. J., and TUCKETT, CALLISTER and ELLETT, JJ., concur.